IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIC TYWON TANKARD, #312368      *
              Petitioner,
    v.                     *    CIVIL ACTION NO. JKB-14-3831

FRANK B. BISHOP, JR., *et al*.,      *
              Respondents.
                      *****

## MEMORANDUM

Petitioner Eric Tywon Tankard (hereinafter referred to as "Tankard") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his 2003 convictions in the Circuit Court for Baltimore City. ECF No. 1. Respondents' limited answer to the petition and Tankard's reply remain pending. ECF Nos. 4 & 7. After review, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2014); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. § 2254(e)(2)). For reasons to follow, the petition shall be dismissed as time-barred.

**Background and Procedural History**

On December 6, 2002, Tankard was convicted by a Baltimore City Circuit Court jury of premeditated first-degree murder, two counts of attempted armed robbery with a deadly weapon, two counts of use of a handgun in the commission of a crime of violence, two counts of conspiracy to commit robbery with a deadly weapon, and first-degree assault. ECF No. 4, Exs. 1 & 2. On February 10, 2003, Circuit Court Judge John C. Themelis sentenced Tankard to a cumulative life plus eighty-five year sentence as to the aforementioned counts. *Id.* On June 23, 2004, the Court of Special Appeals of Maryland issued an unreported opinion which corrected

Tankard's sentence by merging the sentence for first-degree assault with the sentence for attempted armed robbery.  The judgment of conviction was otherwise affirmed.[1]  ECF No. 4, Ex. 2.  The intermediate appellate court's mandate was issued on July 23, 2004.  *Id.*  Tankard did not seek further review of this decision with the Court of Appeals of Maryland.  His judgment of conviction became final on Monday, August 9, 2004.  *See* Md. Rule 8-302 (petition for writ of certiorari to be filed in the Court of Appeals of Maryland no later than 15 days after the Court of Special Appeals issues its mandate).

It was not until February 1, 2013, however, that Tankard initiated post-conviction proceedings in the Circuit Court for Baltimore City.  Post-conviction relief was denied by Circuit Court Judge Jeannie J. Hong on December 23, 2013.  *Id.*, Ex. 1 at pgs. 7-8.[2]  Tankard did not file a timely application for leave to appeal the ruling, which became final on January 22, 2014.  *See* Md. Rule 8-204(b) (application for leave to appeal is to be filed within 30 days after entry of judgment or order from which appeal is sought).[3]  The state court docket shows that an application for leave to appeal was not filed in the Circuit Court until August 21, 2014, and was denied and stricken as untimely by Circuit Court Judge Timothy J. Doory on November 20, 2014.  *Id.*, Ex. 1 at pgs. 8-9.

In filing the instant § 2254 petition, dated December 3, 2014, Tankard asserts the following grounds:

1.  He was forced to conduct a murder trial himself;

---

[1]      Judge Themelis resentenced Tankard on July 2, 2004.

[2]      When citing to page numbers, the court is referring to the page numbers noted on the electronic docket.

[3]      In the "supplement" to his petition Tankard asserts that he originally filed his application for leave to appeal in January of 2014, but because the prison was on lock-down, he could not place any mail in the prison mailbox.  ECF No. 1-1

2. His original privately retained attorney withdrew from the criminal case and he was forced to hire a Public Defender because his original attorney would not refund the fees paid to her;

3. The Public Defender assigned to his case "never investigated anything" and intimated that there was a "conflict"; and

4. The Public Defender assigned to his case had not been to the area of the shooting, nor had he sent an investigator to the area to scrutinize the matter, which resulted in his discharge, forcing Tankard to conduct the trial himself.

ECF No. 1 at pgs. 5 & 6.

## II. Statute of Limitations

Since April 24, 1996, a one-year statute of limitations applies to state prisoners filing petitions for federal habeas relief in non-capital cases under the Antiterrorism and Effective Death Penalty Act ("AEDPA").  *See* 28 U.S.C. § 2244(d).[4]  This one-year period is tolled while properly filed post-conviction proceedings are pending.

---

[4]        This section provides:

> (1)        A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> > (A)        the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)        the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)        the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)        the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

### III. Analysis

Affording the Petition the most generous of filing dates, it is deemed as filed by Tankard on December 3, 2014, the date on which it was signed and presumably deposited with prison authorities.[5]  *See Houston v. Lack*, 487 U.S. 266 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule).

Tankard's one-year limitations period under 28 U.S.C. § 2244(d) began to run on August 10, 2004.  The one-year period was allowed to expire on August 10, 2005, as it was not until February of 2013, when Tankard filed his first post-conviction petition in the Circuit Court for Baltimore City.  At that juncture, an additional seven years and five months had passed.  Consequently, this habeas petition was filed outside the statutory limitations period and is time-barred.

Tankard seemingly claims that the statute of limitations period should be equitably tolled because "I suffered from ineffective assistance of counsel, I did not have a trial counsel, therefore I was never made aware of the one year limitation."  ECF No. 1 at pg. 5, § 14.  In his reply he further claims that his state court appellate counsel [and his post-conviction attorney]

---

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

[5]     In an ideal world, the petition's envelope would be stamped by North Branch Correctional Institution personnel as "received by prison mailroom" on a certain date.  The Maryland Division of Correction does not provide such a franked designation.  The Petition was received by the Clerk on December 9, 2014.  It bears a signature date of December 3, 2014, and shall be reviewed as filed on that date.

did not inform him of the "AEDPA…my right to file for federal habeas corpus within one year after my direct appeal has been finally litigated."  ECF No. 7 at pg. 3.

It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling.  *See, e.g.*, *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott*, 221 F.3d 686, 687-88 (4th Cir. 2000); *see also Wall v. Kholi*, 131 S. Ct. 1278, 1283 (2011). The Fourth Circuit has consistently held that a party seeking to avail himself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time.  *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc).  Additionally, the movant must show that he employed reasonable diligence in investigating and bringing his claims.  Further, to be entitled to equitable tolling a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005)).

Respondents, however, correctly observe that Tankard's excuses do not prompt the equitable tolling of the one-year limitation period under the law.  Legal inexperience is not a justification for equitable tolling.  *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); *Cross–Bey v. Gammon*, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted); *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000) (lack of notice of AEDPA amendments and ignorance of the law are not rare and exceptional circumstances that

5

warrant equitable tolling).[6]   In this case, however, Tankard has neither asserted, nor do the pleadings suggest, any circumstances that justify equitable tolling.   Accordingly, the petition will be denied and dismissed with prejudice by separate Order.

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack*, 529 U.S. at 484.   Tankard does not satisfy this standard, and the court declines to issue a certificate of appealability.


Dated:  May 27, 2015                              _____/s/_____
                                                                  James K. Bredar
                                                                  United States District Judge

---

[6]        Other courts of appeals have similarly expressed that equitable tolling of the AEDPA statute of limitations is to be employed sparingly.   *See, e.g.*, *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003) (applying the general rule that "'attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the "extraordinary" circumstances required for equitable tolling'" (citation omitted)); *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("Ineffective assistance of counsel generally does not warrant equitable tolling."); *Fierro v. Cockrell*, 294 F.3d 674, 683 (5th Cir. 2002) ("[C]ounsel's erroneous interpretation of the statute of limitations provision cannot, by itself, excuse the failure to file [the petitioner's] habeas petition in the district court within the one-year limitations period."); *Sandvik v. United States*, 177 F.3d 1269, 1272 (11th Cir. 1999) (refusing to apply equitable tolling where late filing was caused by attorney's use of ordinary mail to send petition from Atlanta to Miami less than a week before it was due); *see also Rouse*, 339 F.3d at 246 ("Principles of equitable tolling do not extend to garden variety claims of excusable neglect." (citation omitted)).